Kelly J. C. Gallinger
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
kgallinger@brownfirm.com
adunn@brownfirm.com

*Attorneys for Plaintiff Atlantic Casualty Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | ) ) ) | Cause No.:_____ |
| Plaintiff, | ) ) | |
| v. | ) ) | **DECLARATORY COMPLAINT** |
| PITCHFORK INVESTMENTS CO., SEAN O'BRIEN, MARGOT BELDEN, DAVID BRANDOS AND LAURI PAUL, | ) ) ) ) ) ) | |
| Defendants. | ) | |

COMES NOW Plaintiff Atlantic Casualty Insurance Company, (hereinafter "Atlantic"), by and through its attorney of record, and for its Declaratory Complaint alleges as follows:

1

## PARTIES AND GENERAL ALLEGATIONS

1. Plaintiff Atlantic is a citizen of North Carolina and sells insurance policies in Montana.

2. Defendant Pitchfork Investments Co., (hereinafter "Pitchfork") is a citizen of Montana and is a corporation organized and doing business in the State of Montana. Pitchfork's primary place of business is in Missoula, Montana. Pitchfork owns commercial real estate in Ravalli County, wherein the facts giving rise to this controversy occurred.

3. Defendant Sean O'Brien (hereinafter "O'Brien") is a citizen of Montana and was an employee of Pitchfork.

4. Defendant Margot Belden ("Belden") is a citizen of Montana and an owner/employee of Pitchfork.

5. Defendant David Brandos ("Brandos") is a citizen of Colorado.

6. Defendant Lauri Paul ("Paul") is a citizen of Colorado.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1331.

8. Upon information and belief, the amount in controversy exceeds $75,000.

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332.

10. On or about July 31, 2020, Defendants Brandos and Paul filed a Complaint and Request for Jury Trial in an action styled: *David Brandos and*

*Lauri Paul v. Pitchfork Investments Company, Sean O'Brien and Margot Belden*; DV-20-281, Montana Twenty-First Judicial District Court, Ravalli County, Montana. (hereinafter, the "Underlying Complaint," attached hereto as Exhibit "A").

11. The Underlying Complaint alleges on or about January 1, 2019, Defendant Brandos entered into a two-year lease with Pitchfork for commercial space located at 1963 North 1st Street, Hamilton, Montana, for the purposes of opening up a fly-fishing shop.

12. The Underlying Complaint alleges Defendant O'Brien was responsible for overseeing the management of the rental of Brandos' fly-fishing shop for Pitchfork and Defendant Belden.

13. The Underlying Complaint alleges on or about July 7, 2019, Defendant O'Brien entered the parking lot of Defendant Brandos' fly-fishing business with enough speed to make his tires squeal. Defendant O'Brien then entered the business, immediately approached Defendant Brandos and pinned Brandos behind the counter.

14. The Underlying Complaint alleges Defendant Brandos called 911. Defendant O'Brien began to argue with Defendant Brandos and then physically assaulted him by punching him in the head and poking him in the chest.

15. The Underlying Complaint alleges Defendant O'Brien repeatedly threatened Brandos during this altercation, including threatening to kill him. Defendant Paul attempted to pull Defendant O'Brien off Defendant Brandos and she was impacted by Defendant Brandos' arm during the altercation.

16. The Underlying Complaint alleges the altercation was broken up when law enforcement arrived and arrested Defendant O'Brien, who was charged with assault. Defendant Brandos alleges he was injured in the altercation.

17. The Underlying Complaint alleges Defendant Brandos obtained an Order of Protection against Defendant O'Brien.

18. The Underlying Complaint alleges on July 16, 2019, Defendant O'Brien returned to the fly-fishing shop in violation of the protective order and stood outside at the window behaving in a threatening and menacing manner, but left after Defendant Brandos removed a handgun from a drawer and showed it to Defendant O'Brien.

19. The Underlying Complaint alleges Defendant O'Brien continued his course of intimidation and threats for a few weeks and Defendant Brandos made arrangements to terminate his lease, liquidate his fly-fishing shop, sell his home, and move to another state.

20. The Underlying Complaint alleges claims for assault and intimidation; intentional infliction of emotional distress; negligent hiring; negligent supervision/retention; and negligent infliction of mental distress against Pitchfork, O'Brien and Belden.

21. Plaintiff Atlantic issued a Commercial General Liability Policy to Pitchfork, for policy period May 28, 2019 to May 28, 2020, identified as Policy No. M138001392-0 ("the Policy") (See the Policy attached hereto as Exhibit "B").

22. Defendants Pitchfork, O'Brien and Belden have tendered the defense and indemnification for the claims made against them in the Underlying Complaint to Atlantic. Atlantic has agreed to defend Defendants Pitchfork, O'Brien, and Belden against the claims made in the Underlying Complaint pending coverage resolutions in this action.

## **DECLARATORY RELIEF**

23. Plaintiff incorporates Paragraphs 1 through 22 above into this Count.

24. Currently there is a dispute between Atlantic and Pitchfork, O'Brien, and Belden regarding their respective rights and duties as articulated in the Policy described above. The foregoing dispute entitles Atlantic to declaratory relief under Mont. Code Ann. 27-8-202, and 28 U.S.C. ¶¶ 2201 and 2202. These disputes include the following:

    **a.** Whether Atlantic has a duty to defend Pitchfork, O'Brien, or Belden in the Underlying Case;

    **b.** Whether Atlantic has a duty to indemnify Pitchfork, O'Brien, and/or Belden for any judgments or settlements made against them in the Underlying Case; and

    **c.** For such other issues as may arise in this litigation.

## The Terms of the Policies

25. Subject to the terms, conditions, limitations, and exclusions contained in the Policy, Atlantic has an obligation to advance defense costs and provide indemnification for judgments or settlements for Pitchfork, O'Brien, and Belden under the Policy relating to liability claims.

26. The Policy provides in pertinent part:

**CG 00 01 10 01**

    **SECTION I – COVERAGES**
    **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1. Insuring Agreement**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

* * *

  **d.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

* * *

  **2.**     **Exclusions**
This insurance does not apply to:
* * *

    **b. Contractual Liability**
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

      **(1)** That the insured would have in the absence of the contract or agreement; or
      **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
        **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

7

     **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

# COVERAGE C MEDICAL PAYMENTS

    **1.**    **Insuring Agreement**

      **a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:
        **(1)**    On premises you own or rent;
        **(2)**    On ways next to premises you own or rent; or
        **(3)**    Because of your operations;
      provided that:
      **(1)**    The accident takes place in the "coverage territory" and during the policy period;
      **(2)**    The expenses are incurred and reported to us within one year of the date of the accident; and
      **(3)**    The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

    **b.** We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:
        **(1)**    First aid administered at the time of an accident;
        **(2)**    Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and
        **(3)**    Necessary ambulance, hospital, professional nursing and funeral services.

    **2.**    **Exclusions**
We will not pay expenses for "bodily injury":

* * *

    **g.**  **Coverage A Exclusions**
      Excluded under Coverage **A**.
    **h.**  **War**

* * *

# SECTION II – WHO IS AN INSURED

    **1.**    If you are designated in the Declarations as:

      **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
      **b.** A partnership or joint venture, you are an insured. Your members,

      your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
- **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
- **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
- **e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**2.** Each of the following is also an insured:

    **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:
\*\*\*

\* \* \*

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

\* \* \*

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\* \* \*

**2.** **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        **(1)** How, when and where the "occurrence" or offense took place;

        **(2)** The names and addresses of any injured persons and witnesses; and

        **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.** If a claim is made or "suit" is brought against any insured, you must:

        **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

9

      **(2)** Notify us as soon as practicable.
You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
  **c.** You and any other involved insured must:
      **(1)** Immediately send us copies of any demands, notices, summonses legal papers received in connection with the claim or "suit";
      **(2)** Authorize us to obtain records and other information;
      **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
      **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\* \* \*

## SECTION V – DEFINITIONS

\* \* \*

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**6.** "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

\* \* \*

**9.** "Insured contract" means:
  **a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";
  **b.** A sidetrack agreement;
  **c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
  **d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
  **e.** An elevator maintenance agreement;

    **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

    Paragraph **f.** does not include that part of any contract or agreement:
    **(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;
    **(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
        **(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or
        **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or
    **(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

    \* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    \* \* \*

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
  **a.** An arbitration proceeding in which such damages are claimed and To which the insured must submit or does submit with our consent; or
  **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

    \* \* \*

The policy includes the following endorsements:

**INSURING AGREEMENT AMENDMENT - USE OF EXTRINSIC EVIDENCE - RIGHT TO DEFEND**

11

**A.** Paragraph **1. a.** of **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is replaced by the following:

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking covered damages. We will have the right, but not the duty, to defend any insured against any "suit" for which we dispute coverage. We will have no duty to defend or indemnify any insured against any "suit" seeking damages for "bodily injury" or "property damage" where there is no coverage under the policy. We will have the right, but not the duty, to defend those qualifying as an additional insured by way of an additional insured endorsement.

We may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a lawsuit seeking "bodily injury" or "property damage," provided that extrinsic evidence does not contradict a claimant's pleaded allegation. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)**    The amount we will pay for damages is limited as described in

**SECTION III – LIMITS OF INSURANCE**; and

    **(2)**    Our right and duty to defend a claim to which this insurance applies ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under **COVERAGES A** or **B** or medical expenses under **COVERAGE C**.

Paragraphs **b. (3), c.** and **d.** under Paragraph **1. Insuring Agreement** of **SECTION I – COVERAGE A – BODILY**

12

**INJURY AND PROPERTY DAMAGE LIABILITY** are deleted.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS – COVERAGES A and B.**

**B.** Paragraph **1. a.** of **SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY** is replaced by the following:

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right, but not the duty, to defend any insured against any "suit" seeking covered damages. We will have no duty to defend or indemnify any insured against any "suit" seeking damages for "personal and advertising injury" where there is no coverage under the policy. We will have the right, but not the duty, to defend those qualifying as an additional insured by way of an additional insured endorsement.

We may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a lawsuit seeking "personal and advertising injury," provided that extrinsic evidence does not contradict a claimant's pleaded allegation and provided that evidence relates to a discrete coverage issue under the policy and not a merits or liability issue. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in **SECTION III – LIMITS OF INSURANCE**; and

**(2)** Our right and duty to defend a claim to which this insurance applies ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under **COVERAGES A** or **B** or medical expenses under **COVERAGE C**.

No other obligation or liability to pay sums or perform acts or services

13

is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS – COVERAGES A** and **B**.
**AGL-077 10-16**

***

### EXCLUSION – EXPECTED OR INTENDED

Exclusion **2. a.** of **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is deleted and replaced by the following:

   **a.** **Expected Or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of any insured.

**AGL-068 3/13**

***

### EXCLUSION – MENTAL INJURY

This insurance does not apply to any claim, loss, costs or expense arising out of emotional distress, mental anguish, humiliation, mental distress, mental injury, mental suffering, worry, annoyance, anxiety, inconvenience, depression, dissatisfaction, or shock to the nervous system or any physical manifestation of any of the foregoing, or any similar injury unless it arises out of physical injury that occurs to that person.

**AGL-073 3/13**

27. The claims alleged against Defendants in the Underlying Complaint fail to allege any "bodily injury", "personal and advertising injury", or "property damage" caused by an "occurrence" as those terms are defined in the Policy. Thus, the conditions necessary to trigger coverage under the Policy is not alleged

in the Underlying Complaint and there is no coverage for the claims asserted against Defendants.

28. To the extent the Underlying Complaint alleges Defendant Pitchfork breached its contractual obligations to Defendants Brandos and Paul, the Contractual Liability Exclusion applies to preclude coverage for those claims alleged against Defendant Pitchfork in the Underlying Compliant.

29. The Expected or Intended Injury Exclusion applies to preclude coverage for the claims alleged against Defendants in the Underlying Complaint.

30. Medical Payments Coverage under the Policy is precluded as the "bodily injury" alleged by Defendant Brandos in the Underlying Lawsuit was not caused by an accident.

31. The Mental Injury Exclusion applies to preclude coverage for certain claims alleged against Defendants in the Underlying Complaint.

32. The Punitive Damage Exclusion applies to preclude coverage for the punitive damage claim alleged against Defendants in the Underlying Complaint.

**WHEREFORE** Plaintiff Atlantic seeks declaratory relief in the following manner:

1) That this Court find and declare that Atlantic has no duty to defend Pitchfork, O'Brien, or Belden with respect to claims made against them in the Underlying Complaint;

2) That this Court find and declare that Atlantic has no duty to indemnify Pitchfork, O'Brien, or Belden for any sums or judgments they may be legally obligated to pay, with respect to claims made against them in the Underlying Complaint;

3) That the Court grant such other and further relief as it may deem just and proper, including attorney's fees, costs, and disbursements incurred by Atlantic in this action.

DATED this 23rd day of April, 2021.

                By:   /s/ Kelly J. C. Gallinger
                     Kelly J. C. Gallinger
                     BROWN LAW FIRM, P.C.
                     *Attorneys for Plaintiff Atlantic Casualty Insurance Company*